**UNITED STATES DISTRICT COURT FOR THE**
**CENTRAL DISTRICT OF CALIFORNIA**
**RIVERSIDE DIVISION**

| | | |
|---|---|---|
| **JOSE ALBERTO CARRILLO** | § | **CIVIL ACTION NO:** |
| | § | |
| ***Plaintiff*** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **FOREST RIVER, INC.** | § | |
| | § | |
| ***Defendant*** | § | **JURY TRIAL REQUESTED** |

# COMPLAINT

## I. Parties

1. Plaintiff, JOSE ALBERTO CARRILLO, is an individual that now and has been at all times a citizen of the state of California.

2. Defendant, FOREST RIVER, INC., hereinafter "FOREST RIVER,"is a citizen of Indiana and an Indiana corporation with its principal place of business located in Elkhart, Indiana and is a warrantor of the recreational vehicle that Plaintiff purchased and is a merchant in goods of the kind involved in this case.

FOREST RIVER's agent for service of process is Darrel O Richie, PO BOX 3030, Elkhart, Indiana 46514.

## II. Jurisdiction

3. This Court has federal question jurisdiction over the lawsuit under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d); and 28 USC § 1331 in that the disputes involve predominant issues of federal law, and the amount of controversy exceeds $50,000.00.

## III. Venue

4. Venue is proper in this district under 28 U.S.C. §1391(b) because the Defendant is subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

## IV. Conditions Precedent

5. All conditions precedents have been performed or have occurred.

## V. Facts

6. Plaintiff purchased a new 2024 Forest River Salem 26DBCA, VIN 4X4TSMB27RC015968, ("Subject Vehicle") from Stier's RV Centers, LLC in Riverside, California on February 27, 2025, for $50,712.67. Plaintiff purchased the Subject Vehicle primarily for personal, family, or household use. Since purchase, the Subject Vehicle has been plagued with serious and repeated defects, resulting in extensive time out of service, loss of use, and significant inconvenience. Plaintiff timely presented the Subject Vehicle for warranty repairs to the selling dealer and other service facilities for diagnosis and repair, but the Subject Vehicle has not been repaired to conforming condition.

7. The Subject Vehicle has exhibited recurring defects affecting its body and structure, water management systems, slide-out assembly, entry doors, and interior components. Since purchase, Plaintiff has presented the Subject Vehicle for repair on at least four (4) separate occasions, resulting in more than thirty-five (35) total days out of service. The repeated repair attempts involved recurring conditions such as water intrusion, deterioration of interior components and finishes, structural misalignment, improper sealing at exterior components, and repeated failures of interior hardware and assemblies. These defects have continued to recur despite repeated dealer involvement and attempted warranty repairs.

8. On or about June 3, 2025, Plaintiff first presented the Subject Vehicle to Camping World Riverside for warranty service after identifying multiple defects. The reported issues included a rear entry door that would not properly seal or close, dinette and booth doors that would not remain closed, and interior seating upholstery separating at seams. Following this repair visit, the same or related door fitment, alignment, and interior component conditions recurred and continued to manifest.

9. On June 23, 2025, Plaintiff delivered the Subject Vehicle to Forest River's authorized service facility for warranty repairs. At that time, Plaintiff reported extensive water intrusion affecting the kitchen area, bathroom and lavatory plumbing, the shower assembly, and the freshwater tank valve, along with associated interior damage to cabinetry, wall surfaces, and flooring. Plaintiff also reported excessive noise and improper sealing of the slide-out, entry door misalignment, broken interior hinges, and deterioration of interior finishes. The Subject Vehicle was returned following attempted repairs, but the same or related defects persisted thereafter.

10. On July 15, 2025, Plaintiff again returned the Subject Vehicle for service, reporting continued water intrusion at the shower and awning areas. The Subject Vehicle remained out of service for additional time while repairs were attempted. After the repair visit, the same or related conditions continued, including ongoing leakage and related interior damage.

11. By December 18, 2025, Plaintiff was forced to return the Subject Vehicle yet again to the service facility due to the discovery of new areas of interior damage, ongoing moisture-related deterioration, awning defects, and deterioration of storage structures associated with the slide-out. These conditions arose despite prior repair attempts and demonstrated a continuing pattern of failed repairs, delayed resolutions, and superficial corrective actions. Throughout each repair attempt, Plaintiff acted diligently and in good faith by promptly reporting defects, delivering

the Subject Vehicle as instructed, cooperating with diagnostics, and allowing ample time for repairs.

12. Despite Plaintiff's consistent diligence and repeated opportunities for Forest River and its authorized representatives to repair the Subject Vehicle, the same or related problems continue. The Subject Vehicle remains nonconforming, and Defendant has been unable to repair the Subject Vehicle to a condition consistent with the manufacturer's warranty obligations.

## VI. Causes of Action

### COUNT 1: VIOLATIONS OF THE SONG-BEVERLY CONSUMER WARRANTY ACT, CIVIL CODE SECTION 1790 ET SEQ.

13. Plaintiff re-alleges and incorporates all prior paragraphs.

14. The Subject Vehicle is a consumer good as defined under the Song-Beverly Consumer Warranty Act.

15. Plaintiff is a "purchaser" of consumer goods as defined under the Song-Beverly Consumer Warranty Act.

16. The Defendant is a "manufacturer" and "warrantor" as defined under the Song-Beverly Consumer Warranty Act.

17. The sale of the Subject Vehicle to Plaintiff was accompanied by an express written warranty.

18. The serious non-conformities have manifested themselves within the applicable express warranty period. The non-conformities substantially impair the use, value and or safety of the Subject Vehicle and or can cause serious bodily injury or death.

19. Plaintiff has tendered their Subject Vehicle to the Defendant for repairs on numerous occasions in attempts to have the existing express warranties satisfied.

20. The Defendant has not repaired the non-conformities after a reasonable number of attempts and, as such, has failed to comply with and has breached all applicable warranty requirements.

21. Further, the sale of the Subject Vehicle to Plaintiff was accompanied by implied warranties that the Subject Vehicle was merchantable and fit for a particular use.

22. Defendant has breached the implied warranties of merchantability and fitness for a particular use because the Subject Vehicle when sold would not pass without objection in the trade.

23. Despite its breach of the express and implied warranties, the Defendant has refused Plaintiff's demand for a refund or replacement.

24. By the failure of the Defendant to remedy the defects as alleged above, or to issue a refund or replacement, the Defendant is in breach of their obligations under the Song-Beverly Consumer Warranty Act.

25. The Defendant's continuing breach of its obligations as set forth herein is willful pursuant to the Song-Beverly Consumer Warranty Act and as such, the Defendant is liable to Plaintiff for civil penalties in an amount as set forth below.

26. Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails . As a proximate result of the Defendant's misconduct as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

**COUNT 2: VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

27. Plaintiff re-alleges and incorporates all prior paragraphs.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. § 2301(1) and (3).

29. Defendant is a "supplier" and "warrantor" within the meaning of 15 U.S.C. § 2301(4)-(5).

30. Defendant issued written warranties promising repair or replacement of defective parts and implied warranties that the products were fit for ordinary use.

31. Defendant issued a written warranty covering the coach and its components for defects in materials and workmanship.

32. Defendant failed to comply with its obligations under the written and implied warranties by failing to repair the Subject Vehicle to conforming condition within a reasonable number of opportunities. Plaintiff has been damaged as alleged herein. Plaintiff seeks all remedies available under 15 U.S.C. § 2310(d), including damages, costs, and reasonable attorneys' fees.

**COUNT 3: BREACH OF EXPRESS WARRANTIES**

33. Plaintiff re-alleges and incorporates all prior paragraphs.

34. Defendant made written and oral affirmations of fact and promises regarding the performance and quality of its products, creating express warranties under applicable law.

35. Defendant expressly warranted the Subject RV as free from defects in materials and workmanship.

36. Plaintiff fully complied with all warranty requirements, including notice and reasonable opportunities to cure.

37. Defendant breached its express warranties by failing to repair the Subject Vehicle to conforming condition within a reasonable number of attempts. Although Plaintiff presented the Subject Vehicle for warranty service on multiple occasions and the Subject Vehicle remained out

of service for extended periods, the Subject Vehicle continues to exhibit recurring and substantial nonconformities affecting its body and structural components, plumbing and water systems, slide-out assembly, entry doors, and interior components, including repeated water leaks and intrusion, improper sealing, misalignment and fitment defects, and repeated failures of interior hardware, assemblies, and finishes.

38. Plaintiff sustained damages including diminished value, loss of use, and repair expenses.

39. Plaintiff seeks judgment for full damages, interest, and attorneys' fees as allowed by law.

**COUNT 4: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

40. Plaintiff re-alleges and incorporates all prior paragraphs.

41. Defendant was a merchant of the goods at issue and impliedly warranted that the Subject Vehicle and its component systems were merchantable and fit for ordinary use.

42. The Subject Vehicle, as delivered, was not fit for ordinary use due to recurring defects affecting its body and structural components, plumbing and water systems, slide-out assembly, entry doors, and interior components, including repeated water leaks and intrusion, improper sealing, structural misalignment and fitment defects, and repeated failures of interior hardware, assemblies, and finishes.

43. Forest River breached the implied warranty of merchantability by delivering the Subject Vehicle with defects that caused repeated water leaks and intrusion and resulting damage to interior components and structural assemblies, rendering the Subject Vehicle unreliable, unsafe, and unfit for its ordinary and intended use, even after multiple repair attempts.

44. These defects substantially impaired the Subject Vehicle’s value, reliability, and safety, depriving Plaintiff of the benefit of the bargain. The combined effect of the recurring water

leaks and intrusion, sealing failures, structural and body misalignment, slide-out and entry door defects, plumbing defects, awning and storage structure defects, and interior component failures rendered the Subject Vehicle unreliable, unsafe, and unfit for ordinary recreational travel and habitation.

45. Plaintiff seeks damages for loss of use, diminished value, and consequential harm.

**COUNT 5: FAILURE OF ESSENTIAL PURPOSE**

46. Plaintiff re-alleges and incorporates all prior paragraphs.

47. The limited warranties provided repair and replacement remedies as the exclusive form of relief.

48. Defendant failed or refused to correct the defects within a reasonable time, rendering the warranty remedies ineffective.

49. The continued failure of the Subject Vehicle after multiple repairs establishes that the warranties failed of their essential purpose.

50. Plaintiff is entitled to the full range of damages under the Uniform Commercial Code and Magnuson-Moss Act, including refund, rescission, or replacement, plus consequential and incidental losses.

51. Plaintiff requests a judicial declaration that the limited "repair or replacement" remedies contained in Defendant's written warranties have failed of their essential purpose under the Uniform Commercial Code and related federal law. Despite multiple opportunities, Defendant was unable or unwilling to repair the Subject Vehicle or restore it to a safe, operable, and merchantable condition. Accordingly, Plaintiff is entitled to pursue the full range of statutory and equitable remedies, including refund, replacement, consequential and incidental damages, and any other relief available under the Magnuson–Moss Warranty Act, 15 U.S.C. § 2301 et seq., and applicable state law.

**COUNT 6: EQUITABLE RESTITUTION / UNJUST ENRICHMENT**
**(In the Alternative)**

52. Plaintiff re-alleges and incorporates all prior paragraphs.

53. In the alternative, if contractual remedies are found inadequate, Forest River has been unjustly enriched by retaining the purchase funds for a defective and nonconforming Subject Vehicle.

54. Equity demands that Forest River disgorge all amounts unjustly retained and refund the purchase price or its equivalent.

55. Plaintiff seeks restitution, interest, and all equitable relief deemed appropriate by the Court.

**VII. Economic and Actual Damages**

56. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein above:

a. Out of pocket expenses, including but not limited to the money paid towards the note securing the Subject Vehicle;

b. Loss of use;

c. Loss of the "benefit of the bargain";

d. Diminished or reduced market value; and

e. Costs of repairs.

**VIII. Attorney Fees and Costs**

57. Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendant as alleged herein, and in an effort to protect their rights and to enforce the terms of

the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

## IX. Prayer

58. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in their favor and against Defendant, FOREST RIVER, INC., and award the following relief:

a. Damages

i. For all actual, consequential, and incidental damages sustained as a result of Defendant's breaches of express and implied warranties;

ii. For the diminished value of the Subject Vehicle and loss of use during extended repair periods; and

iii. For out-of-pocket repair, inspection, and transportation expenses.

b. Declaratory Relief

i. Declaring that Defendant's limited "repair or replacement" warranties have failed of their essential purpose and that Plaintiff may pursue full statutory and equitable remedies

ii. Declaring that Defendant have violated their obligations under the Magnuson–Moss Warranty Act, 15 U.S.C. § 2301 et seq., and applicable state warranty laws.

c. Statutory Relief

i. Awarding all remedies available under the Magnuson–Moss Warranty Act, including rescission, refund, or replacement as appropriate. For incidental and consequential damages according to proof at trial;

d. Attorneys' Fees and Costs

i. Awarding reasonable attorneys' fees, expert witness fees, and litigation costs pursuant to 15 U.S.C. § 2310(d)(2), and all other applicable provisions of law.

e. Pre- and Post-Judgment Interest

i. Awarding pre- and post-judgment interest at the highest lawful rate.

f. Equitable and Ancillary Relief

i. Ordering such other and further relief legal or equitable as the Court deems just, proper, and necessary to make Plaintiff whole, including restitution or disgorgement of sums unjustly retained by Defendant.

## X. Demand for Jury Trial

59. Plaintiff hereby demands a trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*

Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
111 Park West Drive
Scott, LA 70583
rick@rickdalton.law
Tel. (337) 371-0375

ATTORNEY FOR PLAINTIFF